**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Cristy, | No. CV 11-1260-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Wells Fargo, | |
| Defendant. | |

    Currently pending before the Court are: Defendant's Motion to Dismiss (Doc. 1-1 Ex. C), which was originally filed in Maricopa County Justice Court State of Arizona, Arrowhead Division; Plaintiff's Motion to Proceed (Doc. 12) and Motion to Produce the Levy (Doc. 14); and Defendant's Motion to Strike (Doc. 15). The Court now rules on the Motions.

## **BACKGROUND**

    Plaintiff John Cristy filed his Complaint in Maricopa County Justice Court State of Arizona, Arrowhead Division, on May 17, 2011. (Doc. 1-1 Ex. A.) Plaintiff marked on his Complaint that his claim arises from contract. Plaintiff alleges that Defendant Wells Fargo unlawfully confiscated his property, i.e. money in his bank account, by surrendering it to the Internal Revenue Service ( the "IRS") without a warrant or court order. Plaintiff claims that a notice of levy is insufficient and that a warrant of distraint is required.

    Defendant filed the pending Motion in state court on June 13, 2011. Defendant then

1  removed to this Court on June 24, 2011 (Doc. 11), along with a notification of the pending
2  Motion to Dismiss. When Plaintiff did not respond to the Motion, Defendant filed a Motion
3  for Summary Disposition (Doc. 6). The Court denied the Motion for Summary Disposition
4  without prejudice and gave Plaintiff until September 26, 2011 to file a response to the Motion
5  to Dismiss.

6  Plaintiff filed a "Motion to Dismiss; Response & Disclosure" on September 23, 2011.
7  (Doc. 11.) Plaintiff also filed a "Motion to Proceed" on October 13, 2011 (Doc.12) and a
8  "Motion to Proceed: And Request to Produce the Levy" on November 14, 2011 (Doc. 14.)
9  Defendant filed a Motion to Strike Plaintiff's Motion to Proceed and request to Produce the
10 Levy on November 18, 2011. (Doc. 15.)

## **LEGAL STANDARD**

12 The Court may dismiss a complaint for failure to state a claim under Federal Rule of
13 Civil Procedure 12(b)(6) for two reasons: 1) lack of a cognizable legal theory and 2)
14 insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*,
15 901 F.2d 696, 699 (9th Cir. 1990).

16 To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the
17 requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and
18 plain statement of the claim showing that the pleader is entitled to relief," so that the
19 defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell*
20 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41,
21 47 (1957)).

22 Although a complaint attacked for failure to state a claim does not need detailed
23 factual allegations, the pleader's obligation to provide the grounds for relief requires "more
24 than labels and conclusions, and a formulaic recitation of the elements of a cause of action
25 will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations
26 of the complaint must be sufficient to raise a right to relief above a speculative level. *Id*.
27 Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief.
28 Without some factual allegation in the complaint, it is hard to see how a claimant could

- 2 -

1 satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1202, pp. 94, 95(3d ed. 2004)).

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 129 S.Ct. at 1949. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id*. "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (citing *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In Arizona, courts assess the sufficiency of a claim under Arizona Rule of Civil Procedure 8, which mirrors Federal Rule of Civil Procedure 8.[1] *Cullen v. Auto-Owners Ins. Co.*, 189 P.3d 344, 346 (Ariz. banc 2008). Arizona courts follow a notice pleading standard. *Id*. Under that standard, a pleading must give the adverse party fair notice of the nature and

---

[1] The Court notes that Plaintiff filed his Complaint in Arizona state court, which has not adopted *Twombly*. The Court does not need to decide which pleading standard applies, federal or state, because the Complaint fails to state a claim under either standard.

- 3 -

1  basis of the claim and indicate generally the type of litigation involved. *Id.*

2      If a pleading does not meet the standards of Rule 8, a party may move to dismiss for
3  failure to state a claim pursuant to Arizona Rule of Civil Procedure 12(b)(6). When deciding
4  a Rule 12(b)(6) motion, Arizona courts consider only the pleading itself and the well-pleaded
5  allegations contained therein. *Id.* The courts assume the truth of all well-pleaded factual
6  allegations and reasonable inferences therefrom. *Id.* "Because Arizona courts evaluate a
7  complaint's well-pled facts, mere conclusory statements are insufficient to state a claim upon
8  which relief can be granted . . . a complaint that states only legal conclusions . . . does not
9  satisfy Arizona's notice pleading standard under Rule 8." *Id.*

10     Arizona courts did not adopt the Supreme Court's admonition in *Conley v. Gibson*,
11 355 U.S. 41 (1957) that complaints should not be dismissed unless it appears beyond doubt
12 that the plaintiff could prove no set of facts in support of her claim. *Id.* at 346-47. Arizona
13 trial courts may not speculate about hypothetical facts that might entitle a plaintiff to relief.
14 *Id.* at 347. Instead, they are limited to considering the well-pleaded allegations and
15 reasonable inferences from those allegations. *Id.*

## **ANALYSIS AND CONCLUSION**

17     Defendant attached to its Motion to Dismiss the Notice of Levy served on Defendant
18 by the IRS.[2] The IRS issued the Notice of Levy on April 24, 2011 to Wells Fargo "to collect
19 money owed by the taxpayer." (Ex. 1 to Compl.) The Notice indicates that Plaintiff owed
20 $180,660.52 in unpaid taxes.

21     Section 6332(a) of the Internal Revenue Code (the "Code") obligates an entity holding
22 a taxpayer's property to "surrender such property or rights" to the IRS "upon demand" of an
23 IRS official. 26 U.S.C. §6332(a). A bank account is a species of property subject to levy

---

[2] The Court may consider the Notice of Levy without converting the Motion to Dismiss to a motion for summary judgment because the Plaintiff references and necessarily relies on the Notice in his Complaint and does not dispute its authenticity, even though he did not attach the Notice as an exhibit to the Complaint. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

within the meaning of §6332. *United States v. Nat'l Bank of Comm.*, 472 U.S. 713, 721 (1985).

Once an entity complies with a demand by surrendering property to the IRS, the entity is "discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment." 26 U.S.C. §6332(e). Courts, including the United States Supreme Court, have interpreted §6332(e) to mean that if a bank honors a levy, it is "discharged from any obligation or liability to the delinquent taxpayer with respect to such property." *Nat'l Bank of Comm.*, 472 U.S. at 721; *United States v. Hemmen*, 51 F.3d 883, 887-88 & n.3 (9th Cir. 1995)("§6332(a) imposes a duty on third parties to honor the Service's notice of levy" and "§6332(e) provides the third party an absolute defense against any subsequent claim by a delinquent taxpayer or any other person."). A taxpayer is not without remedies, however, because the Code provides administrative and judicial remedies against the government.

Contrary to Plaintiff's belief, banks do not require a warrant or court order before complying with a notice of levy. Section 3692 of the 1939 Code formerly required that a warrant of distraint accompany a notice of levy. But this section was repealed in 1954, and was replaced with §6331, which does not require a warrant of distraint.

Per the Code, banks holding a delinquent taxpayer's property must comply with a levy.[3] In fact, if a bank fails to comply with a levy, the bank may incur substantial liability to the government, including penalties. *Nat'l Bank of Comm.*, 471 U.S. at 721; *Hemmen*, 51 F.3d at 887.

When Defendant Wells Fargo complied with the Notice of Levy by turning over Plaintiff's property, Defendant did nothing more than what was required of it by the Code. And because pursuant to 26 U.S.C. §6332(e) Defendant is discharged from any liability to

---

[3] The term "levy" includes the power of distraint and seizure by any means, including a notice of levy. *See* 26 U.S.C. §6331(b). And a levy is made by serving a notice of levy on the party in possession of the property. *See* Treas.Reg. §301.633-1(a)(1); *United States v. Donahue Indus. Inc.*, 905 F.2d 1325, 1330 (9th Cir. 1990).

- 5 -

Plaintiff for turning over his property to the IRS, Plaintiff's claim against Defendant necessarily fails as a matter of law. The Court therefore will grant the Motion to Dismiss, and the Court will not grant leave to amend because amendment would be futile.

Accordingly,

**IT IS ORDERED** Granting Defendant's Motion to Dismiss (Doc. 1-1). This case is dismissed in its entirety.

**IT IS FURTHER ORDERED** Denying as moot Plaintiff's Motion to Proceed (Doc. 12) and Motion to Produce the Levy (Doc. 14) and Defendant's Motion to Strike (Doc. 15).

DATED this 6th day of February, 2012.

James A. Teilborg
United States District Judge